# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| FLAVIO BLADAMIR CHOGLLO CHAFLA, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | 2:25-cv-00437-SDN |
| RODNEY S SCOTT, *Commissioner of Customs and Border Protection*, et al. | ) ) ) ) ) | |
| Respondents. | ) ) | |

## ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

### I.      Background

Petitioner Flavio Bladamir Chogllo Chafla is an Ecuadorian citizen who entered the United States in February 2019. *See* ECF No. 7 at 1. On September 2, 2025, Mr. Chogllo Chafla filed a petition for a writ of habeas corpus with this Court under 28 U.S.C. § 2241. ECF No. 1. He subsequently filed an amended verified petition the same day. ECF No. 7.

According to Mr. Chogllo Chafla's verified petition, he currently is detained and in the custody of U.S. Customs and Border Protection ("CBP") within the State of Maine.[1] *Id*. at 1. Upon his information and belief, the Department of Homeland Security ("DHS") detained him in order to pursue his expedited removal from the country. *Id*. at 3; *see* 8 U.S.C. § 1225 (expedited removal statute). He alleges that expedited removal

---

[1] Because Mr. Chogllo Chafla currently is detained in Maine, I find that this Court retains jurisdiction over the habeas matter. *See Ozturk v. Trump*, 777 F. Supp. 3d 26, 35 (D. Mass. 2025) ("[A]s a general matter, a habeas petitioner must file his or her petition in the district of confinement."). And although 8 U.S.C. § 1252(b)(9) limits judicial review in immigration proceedings, it "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (quotation modified).

1

proceedings would be unlawful as applied to him because he has been in the United States continuously for at least two years, and the relevant statute applies only to noncitizens who have been in the country for fewer than two years. ECF No. 7 at 3; *see* 8 U.S.C. § 1225(b)(1)(iii)(II) (permitting expedited removal of noncitizens who, inter alia, "ha[ve] *not* affirmatively shown, to the satisfaction of an immigration officer, that the [noncitizens have] been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility" (emphasis added)). Mr. Chogllo Chafla asserts that because he has been in the country for more than two years, the default immigration detention statute should apply, which would not subject him to expedited removal. ECF No. 7 at 3; *see* 8 U.S.C. § 1226 (noncitizen detention statute).

Mr. Chogllo Chafla alleges he is detained unlawfully under 8 U.S.C. § 1225, and, as such, the detention violates his Fifth Amendment rights because it would deprive him of an opportunity to be heard in the Immigration Court before he is removed. ECF No. 7 at 3. He also explains that he has an epilepsy condition which would "render[] him acutely vulnerable to seizures" during any transportation out of his current detention facility. ECF No. 7 at 3.

## II.  Discussion

The Court construes Mr. Chogllo Chafla's verified petition as asking the Court to temporarily restrain the Respondents from transferring him out of the District of Maine. In determining whether to grant a motion for a temporary restraining order, I must consider the following four factors:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted

>  with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

*Calvary Chapel of Bangor v. Mills*, 459 F. Supp. 3d 273, 282 (D. Me. 2020) (alteration in original) (quoting *Esso Standard Oil Co. (P.R.) v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006)). The movant bears the burden of showing the factors weigh in their favor. *Esso*, 445 F.3d at 18. "If the moving party cannot demonstrate that [they are] likely to succeed in [their] quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

### A. Likelihood of Success on the Merits

The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law," U.S. Const. amend. V, and applies to noncitizens in immigration proceedings, *Reno v. Flores*, 507 U.S. 292, 306 (1993). Mr. Chogllo Chafla argues that he would be deprived of his due process protections under the Fifth Amendment if he were to be subjected to expedited removal because expedited removal does not afford access to an Immigration Judge or courts of appeals. Indeed, under 8 U.S.C. § 1225(b), the removal decision is delegated to immigration enforcement officials. 8 U.S.C. § 1225(b)(1)(A)(i) ("If an immigration officer determines that [a noncitizen] . . . is inadmissible . . . , the officer shall order the alien removed from the United States without further hearing or review . . . ."); *id.* § 1225(b)(1)(C) ("[A] removal order entered in accordance with subparagraph (A)(i) . . . is not subject to administrative appeal . . . ."). In contrast, under 8 U.S.C. § 1226, a noncitizen is entitled to procedural protections that are not afforded under the expedited removal statute. *See* 8 C.F.R. § 236.1 (2025) (enumerating the procedural protections).

3

In his verified petition, Mr. Chogllo Chafla asserts that he has been in the country continuously for more than two years. ECF No. 7 at 1. If true, under the plain text of the expedited removal statute, Respondents would be precluded from seeking expedited removal against Mr. Chogllo Chafla. *See* 8 U.S.C. § 1225(b)(1)(iii)(II). Rather, Respondents would have to pursue detention and removal proceedings under 8 U.S.C. § 1226, which would entitle Mr. Chogllo Chafla to a hearing in front of an Immigration Judge.

Based on the claims in his verified petition, I conclude that Mr. Chogllo Chafla has a likelihood of success on his Fifth Amendment claim.

### B. Potential for Irreparable Harm

Mr. Chogllo Chafla provides multiple reasons why a transfer outside of the District of Maine would cause him irreparable harm. First, he informs the court that he has epilepsy, which would run the substantial risk of triggering a seizure if he were to be transported away from his current detention facility. ECF No. 7 at 3. Further, he alleges that subjecting him to expedited removal would deprive him of his due process rights by depriving him of his access to the Immigration Court and would enable Respondents to send him anywhere in the world without a hearing. *Id*. I conclude that absent a temporary restraining order, Mr. Chogllo Chafla is at risk of facing irreparable harm.

### C. Balance of the Equities and Public Interest

"A plaintiff seeking a preliminary injunction must establish that . . . the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "The crux of the balance of equities inquiry is whether 'the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined.'" *Grant v.*

4

*Trial Ct.*, No. CV 25-10770, 2025 WL 1570807, at *10 (D. Mass. May 28, 2025) (quoting *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)).

It is evident that Mr. Chogllo Chafla faces a risk of imminent expedited removal if a temporary restraining order is not granted. The harm to the Government is less pronounced. Although the Government has a legitimate interest in the "prompt execution of removal orders," *Hernandez-Lara v. Lyons*, 10 F.4th 19, 32 (1st Cir. 2021), "there is a public interest in preventing aliens from being wrongfully removed, particularly to countries where they are likely to face substantial harm," *Nken v. Holder*, 556 U.S. 418, 436 (2009). The equities here weigh in favor of granting Mr. Chogllo Chafla an opportunity for his habeas petition to be heard on the merits.

### III.    Bond Requirement

Federal Rule of Civil Procedure 65(c) states that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper." Fed. R. Civ. P. 65(c). The decision to issue a bond is left up to the district court's discretion. *See Int'l Ass'n of Machinists & Aerospace Workers v. E. Airlines, Inc.*, 925 F.2d 6, 9 (1st Cir. 1991). Accordingly, I order Mr. Chogllo Chafla to post a $100 bond within 48 hours of the issuance of this order. *See* Order on Motion for Temporary Restraining Order, *Lema Tamay v. Scott et al.*, No. 25-cv-00438 (D. Me. Sept. 2, 2025), ECF No. 5 at *11.

### IV.    Conclusion

I hereby **ORDER** that the Respondents in this matter are **ENJOINED** from removing Mr. Chogllo Chafla from the District of Maine pending further order from this Court. Mr. Chogllo Chafla's motion for a temporary restraining order—as construed from his verified petition, ECF No. 7.—is **GRANTED**.

5

**SO ORDERED.**

Dated this 2nd day of September, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**
